**Ralph R. CARROLL, Appellant,**

v.

**FORT WORTH NATIONAL BANK, Trustee, Appellee.**

**No. 16061.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 8, 1960.

Crocker & McDonald, and Toy A. Crocker, Fort Worth, for appellant.

Hardwicke, Haddaway & Pope and Arthur Haddaway, Fort Worth, for appellee.

BOYD, Justice.

The Fort Worth National Bank, Trustee for Goliebelle R. Herndon, brought this suit against Ralph R. Carroll, individually and as independent executor of the estate of Nelle R. Carroll, his deceased wife, for a declaratory judgment construing a reservation in a deed from Carroll, individually and as executor, to Goliebelle Herndon, conveying his interest in 200 acres of land. A jury was waived, and the court found that the deed reserved "royalty" only, and not "minerals." From this judgment Carroll appeals.

The reservation reads as follows: "It not being intended to convey hereby, and there are excepted from this conveyance all royalties outstanding as to the land above described, either in the name of Ralph R. Carroll or Nelle R. Carroll, ownership of said royalties, is not to be disturbed in any way by this conveyance."

Appellant contends that the court erred in holding that no latent ambiguity existed in the words of reservation; that it erred in holding that only royalty was reserved, and not minerals; and that it was error to hold that paragraph 1, section b, of the codicil of

the will of Nelle R. Carroll was a devise to appellant of a life estate in the royalty only in the lands therein described, and not a life estate in the mineral interest.

By the terms of the will of their father, W. J. Rogers, who died on May 13, 1943, Nelle R. Carroll, her sister Goliebelle Herndon, and her brother Joe A. Rogers, were each devised a one-third interest in 200 acres of land.

On September 29, 1944, Joe A. Rogers and Goliebelle Herndon conveyed to appellant one-fourth of the mineral interest in the land devised to them by their father.

On October 30, 1944, all the parties owning an interest in said land executed an oil and gas lease to Chas. E. Green for a primary term of five years, and containing the usual ⅛ royalty provision.

Nelle R. Carrol died on January 6, 1947, leaving a will by which she devised her interest in the 200 acres to appellant, subject to paragraph 1, section b, of the codicil of her will, which reads, in part, as follows:

"It is my further will and desire, and I do hereby bequeath to my husband, Ralph R. Carroll, my interest in that certain tract of land of approximately 160 acres, lying in Jones County, Texas, purchased, by my father from Rev. Robert M. Nolan and also my interest in those certain tracts of land purchased by my father, W. J. Rogers, from Mattie L. Smith and husband N. J. Smith, lying in Jones County, Texas, and described in that certain deed of conveyance to W. J. Rogers from Mattie L. Smith and N. J. Smith, dated June 17, 1941 and recorded in Volume 250, page 170, Deed Records of Jones County, Texas, to which instruments, and the records thereof, reference is here made for a more definite description, in fee simple: with the provision, however, that no royalty in any interest accruing from leases for oil, gas or other minerals, now in force or hereafter executed on said land, shall be sold, transferred, pledged or in anywise disposed of by the said Ralph R. Carroll, he to be permitted to receive and enjoy such royalties so long as he lives."

The property described in the quoted portion of Nelle R. Carroll's will was that conveyed to Goliebelle Herndon by appellant, the deed containing the subject reservation. This deed was executed on April 14, 1947, while the oil and gas lease was still in force.

Appellant says that the meaning of the reservation used in the deed becomes uncertain when an attempt is made to apply it to the interest reserved, and in order to ascertain the true intention of the parties thereto, a construction of the will of Nelle R. Carroll is necessary, and he argues that by a construction of the deed of Mrs. Herndon and Joe A. Rogers to appellant, and the codicil of the will of Mrs. Carroll, it will be seen that the reservation is a reservation of minerals.

We cannot perceive how Mrs. Herndon's intentions may be evidenced by considering the provisions of Mrs. Carroll's will. It is not shown that she ever knew of those provisions. But assuming that she did, since they appear in the history of appellant's title, we do not think that the words of reservation in appellant's deed to Mrs. Herndon are thereby rendered ambiguous, or that any proper construction of the will would show that he reserved more than the plain import of his words would evidence. Appellant argues that he received by virtue of his wife's will several different estates in the property. We do not understand that the trial court held otherwise. But we are constrained to agree with the court's holding that whatever appellant received from his wife's estate, he sold it to Mrs. Herndon with a reservation of the royalty.

The judgment is affirmed.